AMERICAN SAMOA GOVERNMENT, Petitioner

v.

DISTRICT COURT, Respondent

VAELUAGA SOOALO, Real Party in Interest

High Court of American Samoa
Trial Division

CA No. 6-89

January 20, 1989

Before KRUSE, Chief Justice.

Counsel: For Petitioner, Jerry Williams, Assistant Attorney General

The American Samoa Government (hereafter "A.S.G.") petitions for an alternative writ of mandamus directed to the District Court to show cause why its order dismissing the complaint in Criminal Action No. 192-88 should not be vacated. The complaint filed below contained a count accusing the defendant (Real Party in Interest) of having committed the crime of assault in the second degree. The order complained of arose during the preliminary examination hearing held consequent to the complaint. The District Court Judge was not satisfied that probable cause had been established on the assault charge and accordingly dismissed that count of the complaint.

A prerequisite to granting a writ of mandamus is the absence of other adequate relief.

For the reasons given below, the petition must be denied. Firstly, the A.S.G. is not without adequate remedy. Trial Court Rules of Criminal Procedure Rule 5.1(b) authorizes the A.S.G. to refile the complaint for the same offense. Hence the government may reprosecute the defendant. If the defendant should again invoke his right to a preliminary examination, the A.S.G. will in effect have another chance to reevaluate its evidence to be presented to establish probable cause before the District Court.

Secondly, an appeal is available pursuant to A.S.C.A. § 46.2405 where dismissal of the complaint below arose from "construction of the statute upon

which the prosecution is founded." That is, appeals lie from errors of law. While the A.S.G. has recited in its petition that the order complained of was not premised on an error of law, counsel's Memorandum of Points and Authorities attributes to the court below what appear to be errors of a legal nature. The memorandum reads:

> [t]he District Court erroneously dismissed the Complaint on two grounds. First, the rock was not introduced into evidence and second, no injuries were sustained. . . . The statute . . . does not require a rock of any particular size . . . [n]o size need be shown by the prosecution to establish probable cause.
>
> Nor is the government required to show injuries sustained. . . . Apparently, the District Court believes that injuries must be "sustained" before Assault Second will lie.

A.S.G.'s Memorandum of Points and Authorities, page 3. The exception taken to the District Court's decision goes to the construction of the criminal assault statute. Hence A.S.C.A. § 46.2405 is the remedy adequately provided and the writ should not issue.

As such a statutory right to appeal has certain time limitations for filing, this petition will be summarily denied so that the A.S.G. may timely file an appeal, if it so desires.

It is so Ordered.